**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| BURUDI J. FAISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 26-00278 (UNA) |
| | ) | |
| UNITED STATES OF AMERICA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>Memorandum Opinion</u>**

This matter is before the court on the plaintiff's application to proceed *in forma pauperis* and *pro se* complaint. ECF Nos. 1–2. The court grants the application and dismisses the complaint for lack of subject matter jurisdiction.

The plaintiff attempts to bring this action on behalf of "The People of the Sovereign States of the United States of America." ECF No. 1 at 5. Generally, the plaintiff objects to the federal government's deployment of federal agents to the states for immigration enforcement. *See generally id*. at 2–15. Among other relief, the plaintiff demands an injunction barring "Defendants' deployment of Immigration and Customs Enforcement and any other federal agency into the jurisdiction of the States." *Id.* at 23.

"Article III of the Constitution limits the judicial power to deciding 'Cases' and 'Controversies.'" *In re Navy Chaplaincy*, 534 F.3d 756, 759 (D.C. Cir. 2008). "One element of the case-or-controversy requirement is that plaintiffs must establish that they have standing to sue." *Comm. on Judiciary of U.S. House of Representatives v. McGahn*, 968 F.3d 755, 762 (D.C. Cir. 2020) (citations and quotation marks omitted). A party has standing to sue if they have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant,

1

and (3) that is likely to be redressed by a favorable judicial decision." *Id.* at 763 (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)).

The court dismisses the complaint for two reasons. First, the plaintiff does not appear to be a lawyer, and he cannot represent the interests of any other individual in federal court. *See United States ex rel. Feliciano v. Ardoin*, 127 F.4th 382, 383 (D.C. Cir. 2025) (per curiam) ("While parties may conduct their own cases pro se, a non-attorney cannot appear pro se and seek to represent others." (cleaned up)). Second, the plaintiff does not allege that he has sustained, or is likely to sustain, an injury attributable to the defendants' actions or omissions, without which the plaintiff lacks standing to sue. Therefore, this court lacks subject matter jurisdiction and will dismiss the complaint. A separate order accompanies this memorandum opinion.

/s/
AMIR H. ALI
United States District Judge

DATE: April 21, 2026

2